FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 29, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>ERIC J. PEREZ,<br><br>      Defendant. | No.   2:16-cr-00063-SMJ-1<br><br>**ORDER DENYING 28 U.S.C. § 2255 MOTION** |

Before the Court, without oral argument, is Defendant Eric J. Perez's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 234. The Government opposes the motion. ECF No. 238. Having reviewed the claims set forth in Defendant's construed motion, the Court finds the motion is barred by the statute of limitations. The Court therefore denies the motion.

## BACKGROUND

Defendant asks the Court to find his defense counsel ineffective and vacate his sentence and conviction to allow him to file additional motions to suppress. Defendant argues his counsel failed to raise motions Defendant maintains would have been fruitful and submits that he thought he could still raise these issues on

appeal, but only learned later, from appellate counsel, that his conditional plea only preserved the litigated motion to suppress. ECF No. 234.

Defendant expressly waived his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence. This Court specifically informed Defendant of this waiver provision at the time of his plea and Defendant acknowledged he understood it. 238-1 at 20.

On December 13, 2022, the Court sentenced Defendant to 300 months' incarceration. ECF Nos. 196–97. On February 21, 2020, the Ninth Circuit denied Defendant's direct appeal, affirming the Court's denial of Defendant's suppression motion. *United States v. Perez*, 798 F. App'x 124 (9th Cir. 2020). On October 5, 2020, the Supreme Court denied Defendant's petition for a writ of certiorari. 141 S. Ct. 425 (2020). Defendant filed the instant motion on December 30, 2021—451 days after the Supreme Court denied Defendant's petition and 86 days after the statutory deadline to file his Section 2255 motion. *See* ECF No. 234.

Defendant claims he moved between two confinement facilities and without access to his legal research until March of 2021 and that he was not informed the final disposition of his case until he received a letter from his attorney on June 7,

ORDER DIRECTING RESPONSE TO 28 U.S.C. § 2255 MOTION – 2

2021. ECF Nos. 229, 231, 234. For those reasons, on September 7, 2021, Defendant motioned for a 90 to 180-day extension to file a 28 U.S.C. 2255 motion. ECF. No. 229. The Court denied the motion for an extension, noting that since Defendant had not yet filed a motion for a writ of habeas corpus, the Court lacked jurisdiction to grant an extension to file. ECF No. 230. The Court later denied a second, similar motion for an extension, also for lack of jurisdiction. ECF No. 232.

As noted, Defendant ultimately filed his Section 2255 motion on December 30, 2021—86 days after the statutory deadline. ECF No. 234.

## LEGAL STANDARD

Under Section 2255, a prisoner in custody for a federal sentence may move the sentencing court to vacate, set aside, or correct the sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Any Section 2255 motion must be filed within one year of the date the Defendant's judgment of conviction become finalized. 28 U.S.C. § 2255(f)(1). "[A] conviction is final in the context of habeas review when it 'has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for

certiorari denied.'" *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2002) (quoting *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)).

Still, the statute of limitations is subject to equitable tolling in limited circumstances. "As a general matter, equitable tolling pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). To establish that equitable tolling applies, Defendant bears "the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Extraordinary circumstances beyond the defendant's control must make it 'impossible to file a petition on time' and be the 'cause of [the defendant's] untimeliness.'" *United States v. Rivera*, 2:19-CR-87-RMP-1, 2022 WL 1434650, at *2 (E.D. Wash. May 5, 2022) (quoting *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004)) (alteration in *Rivera*). "[I]t is not enough for a petitioner seeking an exercise of equitable tolling to attempt diligently to remedy his extraordinary circumstances; when free from the extraordinary circumstance, he must also be diligent in actively pursuing his rights." *Smith v. Davis*, 953 F.3d 582, 599 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 878 (2020).

//

ORDER DIRECTING RESPONSE TO 28 U.S.C. § 2255 MOTION – 4

## DISCUSSION

Defendant's conviction become final on October 5, 2020, the day the Supreme Court denied his petition for certiorari. ECF No. 234. Thus, pursuant to Section 2255(f)(1), Defendant's one-year statutory period for filing his Section 2255 motion expired on October 5, 2021. But Defendant did not file his motion until December 30, 2021, eighty-six days after the deadline. *See* ECF No. 234. As such, the motion is barred by the statute of limitations unless equitable tolling applies.

The Court finds that equitable tolling is not warranted here. Despite Defendant's claims that he was not notified of the Supreme Court's decision denying a writ of certiorari until June 2021 and claims that the COVID-19 pandemic made legal work more difficult, Defendant has not demonstrated that he acted diligently to pursue his rights once he learned of the denial and that the late notice and conditions of confinement made it impossible to file the motion before the October 5, 2021 deadline. Moreover, after review of Defendant's motion, the Court finds no reason why Defendant, acting diligently, could not have met the statutory deadline in filing his motion, despite his conditions of incarceration and the late notice he was allegedly provided regarding the Supreme Court's denial.

Because Defendant filed his motion outside the statutory deadline, and because equitable tolling is not appropriate here, he is barred from bringing his

ORDER DIRECTING RESPONSE TO 28 U.S.C. § 2255 MOTION – 5

Section 2255 motion. The Court denies the motion.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Eric J. Perez's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, **ECF No. 234**, is **DENIED** and **DISMISSED**.

2. All pending case management deadlines are **TERMINATED** and all pending motions are **DENIED AS MOOT**.

3. The Court certifies that Defendant has failed to make a substantial showing of a constitutional deprivation because reasonable jurists could not debate whether the motion should be resolved in a different manner. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order, enter judgment, provide copies to Defendant, and close the file.

**DATED** this 29th day of June 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge